## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:17-cv-2-FDW

| | |
|---|---|
| CARY DEWAYNE CROWDER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>)<br>) **ORDER**<br>) |
| SUSAN WHITE, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(a). On February 10, 2017, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

**I.**   **BACKGROUND**

Pro se Plaintiff Cary Dewayne Crowder, a North Carolina prisoner incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on January 3, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following persons as Defendants: (1) Susan White, identified as the Superintendent at Alexander; (2) Eric Dye, identified as the Assistant Superintendent at Alexander; (3) FNU Dula, identified as "S.T.G. Staff, Special Operational," at Alexander; and (4) FNU Masey, identified as "S.T.G. Staff, Special Operational," at Polk Youth Correctional. Plaintiff alleges that his constitutional due process and other rights are being violated because he has been wrongly classified as being in a security threat group ("STG") (i.e., a gang member) while in prison. Plaintiff alleges, specifically:

1

> On November 5, 2012, S.T.G. officer Mrs. Masey at Polk Correctional libel and slander the Plaintiff because the Plaintiff had tattoos and was practicing the First Amendment, freedom of expression, and Ms. Masey abused her administrational authority and violated administrational due process and procedure by labelling the Plaintiff a gang member and placing the Plaintiff in harm's way. On 7/25/16 Ms. Susan White, Mr. Eric Dye, and Mr. Dula of the S.T.G. staff had a chance to take the label off and S.T.G. or S.R.G. status off the Plaintiff, yet choose to allow the breach of legal duty and because of the libel and slander on 11/18/2016 the Plaintiff was placed in more harm's way because the status, libel, slander and violation of due process of law.
>
> These officials violated due process of law and procedure and the actions left plaintiff in open danger because of First, 8th, 14th Amendment right violations. Plaintiff has suffer mental trauma, loss of job opportunities, promotions to better custody levels because of the defaming libel and slander. Plaintiff has lost contact visitational rights, phone privileges, and a defaming status.

(Doc. No. 1 at 2-3). As relief, Plaintiff requests "that the libel, status, and slander of S.T.G. or S.G.R. gang member be removed off the Plaintiff records and for the exemplary damages compensation" of $4 million. (Id. at 4).

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

For the following reasons, the Court finds that Plaintiff fails to state a cognizable claim for a violation of any of his federal constitutional rights. First, to the extent that Plaintiff alleges that Defendants violated his Fourteenth Amendment due process rights, to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The Supreme Court has repeatedly held that a prisoner has no constitutional right under the due process clause to be incarcerated in a particular facility or to be held in a specific security classification, barring some showing by the prisoner that his confinement posed an atypical and significant hardship in relationship to the ordinary incidents of prison life. See Wilkinson v. Austin, 545 U.S. 209 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hewitt v. Helms, 459 U.S. 460, 468 (1976). Moreover, changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of

confinement ... is within the sentence imposed ... and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Here, Plaintiff's designation as a security threat group member is nothing more than a security classification used by the prison. Moreover, Plaintiff does not allege any facts showing that his current state of confinement poses an atypical and significant hardship in relationship to the ordinary incidents of prison life. Thus, Plaintiff fails to state a due process claim based on his STG classification. Accord Hamilton v. Welton, No. 1:15-cv-963, 2015 WL 6453850, at *5 (W.D. Mich. Oct. 26, 2015); Taylor v. Clore, No. 7:07cv448, 2007 WL 2892681, at *3 (W.D. Va. Sept. 28, 2007).

Next, as for Plaintiff's cruel and unusual punishment claim, his custody level does not satisfy the very high standards for cruel and unusual punishment under the Eighth Amendment. See De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). In other words, even if Plaintiff is correct that he is being held at the wrong custody level, this does not amount to cruel and unusual punishment under the Eighth Amendment. Accord Lattimore v. Doe, No. 1:13CV692, 2014 WL 197807, at **1-3 (M.D.N.C. Jan. 14, 2014).

Next, to the extent that Plaintiff alleges that Defendants violated his First Amendment rights based on his security threat group classification as a result of having a tattoo that purportedly had gang signs on it, Plaintiff wholly fails to state a cognizable claim under the First Amendment. See Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 129-32 (1977) (prison officials may curtail prisoners' First Amendment rights if they determine that particular expressive or associational conduct has a "likelihood of disruption to prison order or stability, or otherwise interfere[s] with [] legitimate penological objectives"); Cervantes v. Adams, 507 F. App'x 644, 644-45 (9th Cir. 2013) ("The district court properly dismissed [plaintiff's] First Amendment claim challenging the prison's determination that symbols found in a tattoo on his

body and a drawing in his cell were associated with the Mexican Mafia prison gang and could serve as source items in his gang validation.").

Finally, to the extent that Plaintiff purports to bring a claim for libel, slander, or any other state law claims against any of the named Defendants based on his security classification, the Court declines to exercise supplemental jurisdiction as to any purported state law claims. 28 U.S.C. § 1367(a).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim for an alleged violation of his constitutional or federal rights under Section 1983. See 28 U.S.C. § 1915(a).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim. Plaintiff's federal constitutional claims are dismissed with prejudice. To the extent that Plaintiff purports to bring state law claims for libel, slander, etc., those claims are dismissed without prejudice.

2. The Clerk is directed to terminate this action.

Signed: February 16, 2017

Frank D. Whitney
Chief United States District Judge